**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THOMAS HOLLAND | : | |
| 618 Delaware Avenue | : | |
| Fountain Hill, PA 18015 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No. _____ |
| | : | |
| v. | : | |
| | : | |
| STEVEN KREVITZ | : | **JURY TRIAL DEMANDED** |
| 2385 John Fries Hwy | : | |
| Quakertown, PA 18951 | : | |
| and | : | |
| JORDAN KREVITZ | : | |
| 2385 John Fries Hwy | : | |
| Quakertown, PA 18951 | : | |
| and | : | |
| BOND METAL SURPLUS, INC., d/b/a | : | |
| KREVITZ METALS | : | |
| 2385 John Fries Hwy | : | |
| Quakertown, PA 18951 | : | |
| | : | |
| Defendants. | : | |

**CIVIL ACTION COMPLAINT**

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

**I. INTRODUCTION**

1. This action has been initiated by Thomas Holland (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. 201, *et. seq*.). Plaintiff asserts herein that he was not paid overtime compensation in accordance with the FLSA, and applicable state law(s). As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## II. JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiff's claims because they arise under a federal law - the FLSA. There is supplemental jurisdiction over Plaintiff's state-law claims herein because they arise out of the same common nucleus of operative facts as Plaintiff's federal claim(s) set forth in this lawsuit.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III. PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant Bond Metal Surplus, Inc., d/b/a Krevitz Metals (hereinafter "Defendant K-Metals" where referred to individually) is a 5th-generation, family-owned industrial waste management and scrap solutions business servicing businesses in several states. The entity is incorporated in Pennsylvania.

8. Defendant Steven Krevitz ("Defendant SK" where referred to individually) is the owner and Chief Executive Officer of Defendant K-Metals.

9. Defendant Jordan Krevitz ("Defendant JK" where referred to individual) is the son of Defendant SK, an executive of Defendant K-Metals, and assists in overseeing operations of Defendant K-Metals.

10. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV. FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff has in total worked for Defendants for approximately three (3) years, and Plaintiff has been based in Quakertown, Pennsylvania for Defendants at the above-captioned location.

13. Defendants own and operate numerous businesses and properties, including but not limited to K-Metals, real estate, and an apartment complex. They are substantially intermingled. Plaintiff does not know the other names of such legal entities, but places Defendants on notice herein that he intends to name such other business or corporate entities following discovery during this lawsuit.

14. Plaintiff solely worked for Defendants as a laborer. In this capacity, Plaintiff basically performed continual maintenance, cleaning, machine operation, and did basically anything asked of him.

15. While the bulk and majority of Plaintiff's work was performed within Defendant K-Metals, Plaintiff was also continually directed by Defendants JK and SK to perform labor, maintenance, or general repairs on other properties (presumably under different corporate

names). In fact, Plaintiff resides in once such apartment complex owned and operated by Defendants in which he was also directed to continually perform labor.

16. Plaintiff has always been paid as an hourly employee, and his pay has fluctuated from week to week during his employment. Upon hire, Plaintiff was paid $12.00 per hour. He was thereafter gradually increased until the current timeframe in which he had been paid $20.00 per hour. Plaintiff was paid hourly by the same Defendants regardless of where or on what business he was directed to perform work.

17. Plaintiff consistently worked approximately 60 – 80 hours per week for Defendants, often 7 days per week. <u>Prior to the spring of 2020</u>, Plaintiff: (1) was not paid for all overtime hours worked; and (2) he was only paid in cash for *some* of the overtime he worked.

18. Defendants basically exploit employees such as Plaintiff, paying them only part of their wages or in cash. Defendants knowingly flout and violate state wage laws by: (a) failing to properly keep / maintain time records; (b) paying in cash for part of employee wages; (c) knowingly failing to make proper withholdings or contributions to employees; and (d) intentionally only paying straight-time for overtime (instead of time and one half) if and when Defendants even choose to pay overtime compensation.

19. Plaintiff would express concerns to Defendants JK and SK about his wages and overtime being short or too minimal on numerous occasions. Instead of paying Plaintiff (or other employees) legally, Defendants would tell Plaintiff he would not be charged for rent or they would pay for some of his fuel.

20. Plaintiff needed earned wages in each workweek, not periodic employee benefit enhancements used to limit him from continuing to express concerns. Additionally, one such

employee benefits were given, they were required to become part of the overtime calculation (only enhancing overtime owed).

21.   In the late spring / summer of 2020, Defendants began converting employees such as Plaintiff to payroll *even for* overtime compensation payments. This was likely to justify, show accountability for, and get *loan forgiveness* for a 6-figure loan it took from Fidelity Deposit and Discount Bank. A condition of full loan forgiveness by and through the federal program(s) is demonstration of expenses through payroll.

22.   For Defendants' own selfish purposes, they elected in the late spring / summer 2020 timeframe to actually partially follow wage and overtime laws by documenting some overtime compensation.

23.   Defendants however exhibited no care for any obligation to comply with state or federal overtime laws though even when choosing to identify worked overtime within documented payroll. Solely by way of example, Plaintiff was paid bi-weekly. He was issued a paystub for the pay period of "6/07/20 – 6/24/20." During this pay period, Plaintiff was paid as follows:

| Hours worked | Rate | Total Gross Pay for Pay Period | This Pay Period |
| --- | --- | --- | --- |
| 104 | $20.00 per hour | $2,080.00 | $2,080.00 |

24.   In the 2-week pay period of June 7th to June 24th of 2020, Defendant **memorialized** that Plaintiff worked 24 hours of overtime. And Defendants unlawfully **memorialized** within their own payroll that Plaintiff was only paid *straight time* for each hour, not time and one half.

25.   During the aforesaid example payroll period, Plaintiff was not paid $240.00 in overtime compensation had he been paid lawfully. Defendants pervasively committed **2 types** of

overtime violations pre- and post-documentation within payroll: (1) Plaintiff was typically never paid for all overtime worked; and (2) Plaintiff was only ever paid for "straight time" when he worked such overtime.

26. Leading up to the pandemic of COVID-19, Plaintiff worked extremely excessive overtime, but he still continued to work substantial overtime during the COVID0-19 pandemic notwithstanding a state-wide overall reduction in business operations.

27. Even assuming for the sake of argument that Plaintiff was paid for every hour of overtime during his tenure (a false premise to begin with), he would still be owed in excess of $50,000.00 in unpaid overtime compensation through today.

28. Additionally, liquidated damages should "automatically" be awarded **doubling** Plaintiff's unpaid overtime compensation.[1] In sum, Plaintiff is owed well in excess of $100,00.00, exclusive of costs, attorney's fees and interest.

---

[1] *See e.g. Solis v. Min Fang Yang*, 345 Fed. Appx. 35 (6th Cir. 2009)(Affirming award of liquidated damages explaining "under the Act, liquidated damages are compensation, not a penalty or punishment, and no special showing is necessary for the awarding of such damages. Rather, they are considered the norm and have even been referred to by this court as mandatory."); *Gayle v. Harry's Nurses Registry, Inc*., 594 Fed. Appx. 714, 718 (2d Cir. 2014)(Affirming award of liquidated damages explaining there is an automatic "presumption" of liquidated damages and "double damages are the **norm,** single damages the exception," as the burden to avoid liquidated damages is a "difficult burden."); *Haro v. City of Los Angeles*, 745 F.3d 1249 (9th Cir. 2014)(Affirming award of liquidated damages explaining they are the "norm" and "mandatory" unless the employer can establish the very "difficult burden" of subjective and objective attempts at FLSA compliance); *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008)(Affirming award of liquidated damages explaining that the employer mistakenly argues its non-compliance was not willful, misunderstanding the high burden to show affirmative steps of attempted compliance and research of the FLSA and separately that its diligence and belief in non-payment of overtime was also objectively reasonable.); *Chao v. Hotel Oasis, Inc.,* 493 F.3d 26 (1st Cir. 2007)(Affirming award of liquidated damages explaining that they will always be considered the "norm" in FLSA cases); *Lockwood v. Prince George's County,* 2000 U.S. App. LEXIS 15302 (4th Cir. 2000)(Affirming award of liquidated damages explaining they are the "norm" and that an employer may not take an ostrich-like approach and refuse to research its obligations under the FLSA and to objectively explain why it failed to comply with the FLSA); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399 (7th Cir. 1999)(Reversing the district court for not awarding liquidated damages, as doubling unpaid overtime is the rule, not an exception); *Nero v. Industrial Molding Corp*., 167 F.3d 921 (5th Cir. 1999)(Affirming award of liquidated damages, as there is a presumption of entitlement to liquidated damages which are the norm).

## Count I
### Violations of the Fair Labor Standards Act ("FLSA")
(Failure to Pay Overtime Compensation)
- Against All Defendants -

29. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30. Defendants did not pay Plaintiff at a rate of time and one half for hours he worked beyond 40 hours per week.

31. Plaintiff therefore seeks all remedies permitted under the FLSA for unpaid overtime compensation, as well as penalties and interest.

## Count II
### Violations of the Pennsylvania Minimum Wage Act ("PMWA")
(Failure to Pay Overtime Compensation)
- Against All Defendants -

32. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33. Defendants' failure to pay overtime in the aforesaid manner(s) also constitutes a violation of the PMWA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting overtime violations;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' wrongful actions, including but not limited to all unpaid wages or overtime compensation;

C.  Plaintiff is to be awarded liquidated damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.  Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

E.  Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law; and

F.  Plaintiff is permitted to have a trial by jury.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

_____
Ari R. Karpf, Esquire
3331 Street Road
Building 2, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: September 8, 2020

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| Thomas Holland | CIVIL ACTION |
| v. | |
| Steven Krevitz, et al. | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 9/9/2020 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __618 Delaware Avenue, Fountain Hill, PA 18015__

Address of Defendant: __2385 John Fries Hwy, Quakertown, PA 18951__

Place of Accident, Incident or Transaction: __Defendants place of business__

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __9/9/2020__   _/s/_   ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf__, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __9/9/2020__   _/s/_   ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
HOLLAND, THOMAS

**DEFENDANTS**
STEVEN KREVITZ, ET AL.

**(b)** County of Residence of First Listed Plaintiff: Lehigh
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 367 Health Care/Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 340 Marine / 368 Asbestos Personal Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 345 Marine Product Liability | | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 350 Motor Vehicle / **PERSONAL PROPERTY** / 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | 480 Consumer Credit |
| 190 Other Contract | 355 Motor Vehicle Product Liability / 371 Truth in Lending | [X] 710 Fair Labor Standards Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| 196 Franchise | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| | | 751 Family and Medical Leave Act | 864 SSID Title XVI | 891 Agricultural Acts |
| | | | 865 RSI (405(g)) | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence | | | |
| 240 Torts to Land | 443 Housing/Accommodations / 530 General | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | | 462 Naturalization Application | | |
| | 446 Amer. w/Disabilities - Other / **Other:** / 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | 448 Education / 550 Civil Rights | | | |
| | 555 Prison Condition | | | |
| | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA (29USC201)

Brief description of cause:
Violations of the FLSA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 9/9/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE